# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICARDY MICHEL,                          :
    Plaintiff,                           :
                                         :
    v.                                   :      CIVIL ACTION NO. 25-CV-2813
                                         :
FAMILY DIVISION OF THE COURT             :
OF COMMON PLEASE OF                      :
PHILADELPHIA FIRST JUDICIAL              :
DISTRICT OF PENNSYLVANIA, *et al.*,      :
    Defendants.                          :

## MEMORANDUM

**WEILHEIMER, J.**                                          **JUNE 10, 2025**

    Ricardy Michel has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983

against the Family Division of the Philadelphia Court of Common Pleas, and two of its

employees, Shawn T. Hagerty, Manager, and Darlene Smith, Bench Warrant Officer.[1]  Michel

also seeks leave to proceed *in forma pauperis*.  For the following reasons, leave to proceed *in*

*forma pauperis* will be granted and the Complaint will be dismissed.

## I.    FACTUAL ALLEGATIONS[2]

    Michel's allegations are brief and not entirely clear.  Michel alleges that on May 14, 2025

Defendant Hagerty issued a civil bench warrant against him without probable cause.  He claims

he was never served to appear in court and his due process rights were thereby violated.  (Compl.

---

[1] Smith's first name is not spelled consistently in the Complaint.  The Court uses the spelling contained in the caption.

[2] The factual allegations are taken from Michel's Complaint (ECF No. 2), which consists of the form available for unrepresented litigants to file a complaint and a two-page typed attachment.  The Court deems the entire submission to constitute the Complaint and adapts to sequential pagination supplied by the CM/ECF docketing system.  Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

at 4.) He references a "new memorandum" signed by President Trump on April 9, 2025 that "called 'regulations that are unconstitutional.'" (*Id.*) He claims that Defendant Hagerty did not respond to his email in regard to a motion to vacate the bench warrant and that Defendant Smith and others were "involved in this crime against me." (*Id.*) He also claims that unnamed non-defendant court clerks sent back motions he filed in regard to his case after stamping them received. (*Id.*)

In the typed portion of his submission, Michel states that the actions were taken against him by the Child Support Enforcement Unit of the Court of Common Pleas in connection with a child support enforcement matter. (*Id.* at 7.) He received the warrant on May 19, 2025 without any notice, hearing, due process, or a finding of willful noncompliance. (*Id.*) He filed a motion to vacate the bench warrant and copied Defendant Smith but received no response, allegedly reflecting deliberate indifference to his rights. (*Id.*) He claims President Trump has reaffirmed his rights by issuing a Presidential Memorandum directing agencies to review all enforcement actions in light of United States Supreme Court rulings. (*Id.* at 8.) For relief on his claims, Michel seeks "legal compensation" (*id.* at 5) and that the bench warrant be vacated (*id.* at 8).

## II.    STANDARD OF REVIEW

The Court grants Michel leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Michel is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit explained that, in determining whether a pleading meets

Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

III.    **DISCUSSION**

Michel asserts constitutional claims against the Defendants.  The vehicle by which

federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a

claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A.    **Philadelphia Court of Common Pleas – Money Damages**

Michel has named the Family Division of the Philadelphia Court of Common Pleas as a

Defendant.  The Philadelphia Court of Common Pleas is part of Pennsylvania's unified judicial

system and an agency of the Commonwealth.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d

233, 241 (3d Cir. 2005).  The Commonwealth is not considered a "person" for purposes of §

1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Furthermore, the

Eleventh Amendment bars suits against a state and its agencies in federal court that seek

monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100

(1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  The Commonwealth

of Pennsylvania has not waived that immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).  As part of the

unified judicial system, the Philadelphia Court of Common Pleas shares in the Commonwealth's

Eleventh Amendment immunity.  *Benn*, 426 F.3d at 241.  Accordingly, claims for money

damages against the Philadelphia Court of Common Pleas are barred by the Eleventh

Amendment and dismissed with prejudice.

B.    **Injunctive Relief Against All Defendants**

To the extent Michel seeks injunctive relief in the form of an order from this Court

vacating the bench warrant based on a violation of his civil rights, that relief may not be pursued

in federal court. It is apparent from his Complaint that the bench warrant was issued in a pending child support action, affording Michel the opportunity to argue in state court that the warrant was improper and should be vacated. The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from issuing "injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)). "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions'" – authorization by Congress, necessary for aid of jurisdiction, or to protect a judgment, which are to be construed narrowly. *Id.* (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). None of those exceptions apply to Michel's request that this Court vacate the state court bench warrant. Accordingly, the request for injunctive relief is dismissed with prejudice.

### C. Hagerty and Smith

Michel also seeks legal compensation from Hagerty and Smith. Without providing any background information or context, Michel alleges that Hagerty issued a civil bench warrant against him without notice or probable cause, did not respond to his email in regard to a motion to vacate the bench warrant, and that Defendant Smith and others were involved. Michel copied Defendant Smith on his motion to vacate the warrant but received no response.

Michel's claims against Hagerty and Smith cannot proceed as pled because they are undeveloped and fail to present cognizable legal claims to which a defendant can respond on the merits. Without additional information about the nature of the proceeding from which the bench warrant allegedly arose, any explanation of the nature of the claim he seeks to pursue, any

context for his claims, and details about how Hagerty and Smith acted to violate his rights, the Court cannot conclude that his claim is plausible. Rather, to proceed with his claims, Michel must file an amended complaint setting forth a short plain statement of his claim with sufficient clarity to permit the Court and the Defendants to understand the nature of his claim. Cognizant of Michel's *pro se* status, the Court will grant him an opportunity to flesh out his allegations by explaining in an amended complaint the "'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)). An appropriate Order follows with instructions on filing an amended complaint.

BY THE COURT:

GAIL A. WEILHEIMER, J.